1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOWN & COUNTRY BANK,                    ) | Case No. 2:13-cv-0312-JCM-NJK |
|                 Plaintiff(s),                    ) | |
|                             ) | |
| vs.                    ) | ORDER |
|                             ) | |
| LEON R. KATZ, et al.,                    ) | |
|                 Defendant(s).                    ) | |
|                             ) | |

For the reasons stated below, the Court hereby DISCHARGES the November 22, 2013, Order to Show Cause, Docket No. 20.

**I.      Background**

On November 8, 2013, the Court issued an order requiring Defendant Leon Katz to attend the hearing set for November 22, 2013, on Defendants' counsel's motion to withdraw as attorney. Docket No. 18. The Order clearly stated:

> Defendant Leon Katz and his withdrawing counsel are required to attend the hearing. There will be no exceptions to that requirement.

*Id*.

On November 22, 2013, the Court called this matter for the hearing on the motion to withdraw as scheduled.  Defendant failed to appear as ordered. His counsel, Mr. Nold, told the Court that Defendant Katz was in the Philippines and that on November 19, 2013, he informed Mr. Nold via telephone that he would not be attending the November 22, 2013, hearing.  Defendant and his counsel did not request, however, nor did the Court allow, an exception to the attendance

1    requirement.  Therefore, by failing to appear at November 22, 2013, hearing, Defendant was in direct

2    violation of this Court's Order.

3         Further, during the hearing, Mr. Nold informed the Court that he intended to continue to

4    represent Defendant Leon in this matter for the time being.  Therefore, Mr. Nold was no longer

5    seeking to withdraw at that stage of the proceedings. Mr. Nold never filed a motion to withdraw his

6    motion nor did he inform the Court prior to the hearing that his client would not appear at the Court-

7    ordered hearing on November 22, 2013, a hearing set for the sole purpose of resolving Mr. Nold's

8    motion to withdraw as counsel.

9         After the hearing on November 22, 2013, the Court ordered Defendant Leon Katz and his

10   attorney, Joseph T. Nold, to show cause in writing, no later than December 2, 2013, why the Court

11   should not issue sanctions against them for failure to comply with a Court order, up to and including

12   a Court sanction of $1,000 pursuant to Local Rule IA 4-1, Fed. R. Civ. P. 16(f), and/or the Court's

13   inherent authority.  Per the Court's order, Defendant Katz and his counsel, Mr. Nold, responded in

14   writing on December 2, 2013.

15   **II.    Discussion**

16        In his response to the order to show cause, Mr. Nold states that he did not withdraw his

17   motion to withdraw because he wanted to finish "all remaining issues in this case" in order to be

18   helpful to Defendants, Opposing Counsel, and the Court. Docket No. 22, at 3. Therefore, Mr. Nold

19   argues, his motion was not moot and was not withdrawn. *Id*. Additionally, Mr. Nold revisits the

20   proposal he made at the November 22, 2013, hearing, in which he asked the Court to grant his

21   motion to withdraw, but delay filing that order until all issues in this case are resolved. *Id*. Mr. Nold

22   ignores, however, that if he represents Defendant Katz until the conclusion of this case, there will be

23   no case left for him to withdraw from and, therefore, his motion was in fact moot. Further, even if

24   Mr. Nold's motion was not moot, it is not the practice of this Court to delay filing its orders at the

25   convenience of counsel.[1]

26

27

       [1]The Court also does not delay the consideration of motions pending on its docket at the
28   convenience of counsel.

Concerning why his client did not attend the hearing, Mr. Nold represented to the Court that his client, Defendant Katz, could not afford a plane ticket from the Philippines and could not take time off work. Docket No. 22, at 3.  Additionally, Defendant "was dealing with issues of the Typhoon Haiyan." *Id*.  Mr. Nold acknowledges that he should have informed the Court prior to the hearing that his client would not be present at the hearing. *Id*. However, Mr. Nold states that he "incorrectly assumed that this Honorable Court would be pleased that all issues in this case were being resolved." *Id*.

The Court's opinion on the resolution of this case, however, is not relevant to the matter at hand. Mr. Nold knew three days before the hearing that his client would not attend the hearing and that he no longer wished to immediately withdraw from the case. Nevertheless, Mr. Nold made no effort to inform the Court that his motion was moot or that his client would not attend the hearing.[2] The Court's time and resources were wasted and Rule 16 sanctions are appropriate.[3]

Nevertheless, in light of the fact that this case is being resolved and because Mr. Nold is no longer being paid by his client, the Court will use its discretion to not impose monetary sanctions at this time. The Court admonishes Mr. Nold and instructs him to be more prudent in the future.

. . .

. . .

---

[2] Mr. Nold also never requested that the Court allow his client to appear telephonically at the hearing.

[3] Federal Rule 16(f) requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. *Wilson v. KRD Trucking W.*, 2013 WL 836995 (D. Nev. Mar. 6, 2013). Violations of Federal Rule 16 are neither technical nor trivial. *Id*.; *citing Martin Family Trust v. Heco/Nostalgia Enterps. Co.,* 186 F.R.D. 601, 603 (E.D.Cal.1999). It is clear that "the rule is broadly remedial and its purpose is to encourage forceful judicial management." *Id*.; *quoting Sherman v. United States,* 801 F.2d 1133, 1135 (9th Cir.1986). The rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Id*., *quoting Matter of Baker,* 744 F.2d 1438, 1441 (10th Cir.1984)(en banc). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762, 769 (9th Cir.2001).

**III.**     **Conclusion**

Based on the forgoing and good cause appearing therefore, the Court hereby DISCHARGES the November 22, 2013, Order to Show Cause, Docket No. 20.

IT IS SO ORDERED.

DATED: December 3, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge